United States District Court
Southern District of Texas
ENTERED

OCT 15 1998

Michael N. Milby, Clerk of Court
By Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
- BROWNSVILLE DIVISION -

| | | |
|---|---|---|
| FRANCISCO JAVIER BRIONES, | § | |
|    Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-97-276 |
| | § | |
| GARY L. JOHNSON, DIRECTOR, | § | |
| TEXAS DEPARTMENT OF CRIMINAL | § | |
| JUSTICE, INSTITUTIONAL DIVISION | § | |
|    Respondent. | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Francisco Javier Briones ("Briones") has filed a petition for habeas corpus pursuant to the provisions of 28 U.S.C. § 2254. The State of Texas has filed a Motion for Summary Judgment which, for the reasons stated below should be granted.

### BACKGROUND

On October 19, 1995, Briones was sentenced to ten years incarceration following a jury trial for felony possession of marihuana. The state alleges that Briones is also serving a ten year sentence for another marihuana conviction apparently unrelated to the conviction made the basis of this habeas action. Briones appealed his conviction to the Thirteenth Court of Appeals which affirmed. Briones filed a petition for discretionary review with the Texas Court of Criminal Appeals which was refused on August 13, 1997. He then filed a state application for habeas corpus relief which was denied on October 29, 1997. This § 2254 action followed.

### THE § 2254 CLAIMS

Briones contends the following:

   1. The evidence used to support his conviction was the result of an unconstitutional search

and seizure.

2. There was evidence favorable to Briones which was not disclosed by the prosecutor.

3. Both the grand jury and petit jury were empaneled and selected unconstitutionally.

4. The trial jury was coerced into returning a guilty verdict.

5. The trial jurors were incompetent to understand the charge of the court.

6. His trial counsel was ineffective in that he failed to object to unconstitutionally seized evidence and he failed to investigate the facts.

7. His appellate counsel was ineffective because he raised the search and seizure issue knowing that trial counsel had not preserved the error and he did not raise a claim that "Possession was never involved in the charge."

## RECOMMENDATION

A brief review of the facts leading to Briones conviction is necessary to an understanding of this case.

Testimony was presented by Rolando Vasquez, a Brownsville, Texas police officer, that a delivery of marihuana was to be made to a local muffler shop. After watching the shop, an arrest was made. A search warrant for a house in Brownsville was issued. The house was owned by Briones. A search of a trailer located behind Briones' house revealed evidence (marihuana residue, a baggie of marihuana, marihuana residue on the blade of a saw, and scales) of marihuana packaging activities. The officers followed a trail which led into a wooded area behind the house. In this wooded area, the officers found 1,300 pounds of marihuana. This find was not on property owned by Briones. However, on Briones' property, other items (binoculars, scanners, paperwork with the words "cocaina y marijuana", Briones' name, weights and dollar amounts) were found.

Briones argued in his appeal that his conviction was based on illegally obtained evidence. The Thirteenth Court of Appeals sitting in Corpus Christi, Texas, found that since the claim of error as to the admission of this evidence had been waived at trial it was not properly presented for appeal. It should be noted that the trial judge denied a motion to suppress this evidence. Briones had a full opportunity to litigate his claim and he did so. It cannot be reviewed here unless failing to do so would result in a complete miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 748 (1991). In order to jump the miscarriage of justice bar, Briones would have to show his actual innocence, *Smith v. Dixon*, 14 F.3d 956, 974 (4th Cir. 1994) a review of the state records in this case, shows that Briones cannot jump that high.

Briones claims that the prosecution failed to disclose favorable evidence, that both the grand and petit juries were improperly impanelled and selected that the trial jury was coerced into a finding of guilt, and that his appellate counsel was ineffective, are barred from review in federal court. Briones never presented these claims to a Texas court. Under the Texas abuse of writ doctrine he would be barred from presenting them now in the Texas courts. Tex. Code Crim. P. Ann. art. 11.07 § 4. *See also Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995).

Briones could only pursue those claims under the "miscarriage of justice" doctrine mentioned above. Justice did not fail in this case.

Briones also argues in conclusory fashion that the trial jury was not competent to understand the court's charge. He pleads no facts to support this claim, thus it is not cognizable in a § 2254 petition. *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990).

Briones makes the standard ineffective assistance of counsel claim. The crux of Briones' argument is that his lawyer did not object to the admission of evidence which was found in an area

3

not owned by Briones. This objection would have been futile, since Briones would not have standing to object to the admission of evidence found on property he did not own or had voluntarily abandoned. *United States v. Roman,* 849 F.2d 920, 922 (5th Cir. 1988) failure to raise meritless objections is not ineffective assistance of counsel. *Clark v. Collins,* 19 F.3d 959, 966 (5th Cir.). Briones' claims that his lawyer did not investigate the case are conclusory *Koch,* 907 F.2d 530.

Briones does not even come close to showing ineffective assistance of counsel under the *Strickland v. Washington,* 466 U.S. 668, 693 (1984) rubric.

IT IS THEREFORE **RECOMMENDED** that Francisco Javier Briones' habeas petition be **DISMISSED** and that the State of Texas' Motion for Summary Judgment be **GRANTED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 15th day of October 1998.

John Wm. Black
United States Magistrate Judge